UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH ALLEN,                              )  1:10CV2382
                                         )
          Petitioner                     )  JUDGE PATRICIA GAUGHAN
                                         )  (Magistrate Judge Kenneth S. McHargh)
          v.                             )
                                         )
TERRY A. TIBBALS,                        )
          Warden,                        )
                                         )
          Respondent                     )  REPORT AND RECOMMENDED
                                         )  <u>DECISION OF MAGISTRATE JUDGE</u>

McHARGH, MAG. J.

The petitioner Keith Allen ("Allen") has filed a petition through counsel for a

writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2008 felony convictions

for aggravated robbery and attempted escape in the Cuyahoga County, Ohio, Court

of Common Pleas.  (Doc. 1.)  Allen raises three grounds for relief in his petition:

> 1.  Petitioner Allen was denied effective assistance of counsel where his
> attorney failed to investigate the initial warrantless automobile stop
> and file a motion to suppress challenging the validity of the search and
> seizure, resulting in a violation under the Fourth and Sixth
> Amendments.
>
> 2.  Petitioner Allen was denied effective assistance of counsel where
> the guarantees of the Sixth and Eighth Amendments require
> reasonable investigation of mitigation evidence.
>
> 3.  Petitioner Allen was denied effective assistance of counsel where
> counsel failed to realize that his client was not guilty by reason of
> insanity.

(Doc. 1, at 7-8.)

The respondent has filed a Return of Writ.  (Doc. 5.)  Allen did not file a Traverse.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

Allen was indicted on March 5, 2008, on charges of aggravated robbery with firearm specifications, and escape.  The aggravated robbery charge alleged that on February 26, 2008, Allen "unlawfully and without privilege to do so, did knowingly remove or attempt to remove a deadly weapon from the person of * * * a law enforcement officer, while the law enforcement officer was acting within the course and scope of her duties and the offender knew or had reasonable cause to know that [the person] was a law enforcement officer." The escape charge alleged that Allen "unlawfully and knowing he was under detention or being reckless in that regard, did purposely break or attempt to break such detention and/or knowing he was under detention or being reckless in that regard, did purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement, and the offense for which he was under detention was a felony of the third, fourth, or fifth degree."

Defense counsel filed a request for evidence, a motion for discovery, and a motion for bill of particulars.

Allen subsequently pled guilty to the charges, as amended, of aggravated robbery with a one-year firearm specification and attempted escape.  At his plea hearing, Allen engaged in a dialogue with the court.  He disclosed that he was currently on probation in federal court, and he expressed an understanding of the proceedings and charges against him, the nature of his plea, and his rights.  The trial court found that Allen's guilty plea was knowingly and voluntarily made.  The court referred the matter to the probation department for a presentence investigation report.

Allen returned for a sentencing hearing on May 20, 2008.  It was revealed that a court psychiatrist had diagnosed Allen with psychosis (not otherwise specified).  The court indicated that the matter was

eligible for placement on the mental health docket.  Defense counsel then requested such a transfer.

Because the request to be placed on the mental health docket was not made prior to the time of the plea, the case was not permitted to be assigned to the mental health docket.  The trial court proceeded with a sentencing hearing on June 6, 2008.

At the sentencing hearing, defense counsel represented that Allen was on PCP at the time of the offense, was unaware of his interaction with the police, and was remorseful.  Defense counsel requested a minimum sentence.

The trial court found that Allen had an extensive criminal record, a history of violence, a history of noncompliance on supervision, and repeated criminal behavior.  He was on federal probation at the time of the offenses in this matter.  The court considered the victim impact statement, as well as the nature of the offenses involved.  The court found that the offenses were very serious, that trickery was involved, and that Allen was on PCP, a dangerous drug.  The court recognized Allen's remorse as a mitigating factor and also indicated that defense counsel "has been pitching hard on [Allen's] behalf." The court sentenced Allen to a total aggregate prison term of six years.

Thereafter, Allen filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  No ruling was made on the motion because Allen also filed a notice of appeal.

(Doc. 5, RX 9; State v. Allen, No. 91750, 2009 WL 1156697, at *1-*2 (Ohio Ct. App. Apr. 30, 2009).)

Allen filed a timely direct appeal, which raised three assignments of error:

1.  Appellant was denied effective assistance of counsel where his attorney failed to investigate the initial warrantless automobile stop and file a motion to suppress challenging the validity of the search and seizure, resulting in a violation under the Fourth and Sixth Amendment[s] as [guaranteed] pursuant to the U.S. Constitution.

2.  Appellant was denied effective assistance of counsel where the guarantees of the Sixth and Eighth Amendments require reasonable

3

investigation of mitigation evidence not performed as [guaranteed] pursuant to the U.S. Constitution.

3.  Appellant was denied effective assistance of counsel as guaranteed by the United States and Ohio Constitution[s] where counsel failed to recognize that his client was not guilty by reason of insanity.

(Doc. 5, RX 7.)  The court of appeals affirmed the judgment of the trial court.  (Doc. 5, RX 9; Allen, 2009 WL 1156697.)

Allen next filed a timely appeal to the Supreme Court of Ohio, setting forth the following propositions of law:

1.  A defendant is denied effective assistance of counsel where his attorney failed to investigate the initial warrantless automobile stop and file a motion to suppress challenging the validity of the search and seizure, resulting in a violation under the Fourth and Sixth Amendment[s] as guaranteed pursuant to the U.S. Constitution.

2.  Appellant was denied effective assistance of counsel where the guarantees of the Sixth and Eighth Amendments require reasonable investigation of mitigation evidence.

3.  Appellant was denied the effective assistance of counsel as guaranteed by the United States and Ohio Constitution[s] where counsel failed to recognize that his client was not guilty by reason of insanity.

(Doc. 5, RX 11.)

The Supreme Court declined jurisdiction, and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 5, RX 12; State v. Allen, 122 Ohio St.3d 1524, 913 N.E.2d 459 (2009).)

The respondent also notes that Allen filed an April 2010 motion in the trial court to proceed to judgment on his 2008 motion to withdraw plea.  No ruling had

been issued as of the date of the Return of Writ.[1]  (Doc. 5, at 6; see also doc. 5, RX 13.)  However, under Ohio law, after Allen's conviction was affirmed on direct appeal, the trial court would no longer have any jurisdiction to consider his Rule 32.1 motion to withdraw plea.  State ex rel. Special Prosecutors v. Judges, Ct. of Comm. Pleas, 55 Ohio St.2d 94, 97, 378 N.E.2d 162, 165 (1978) (per curiam); State v. Sanchez, No. 4-06-31, 2007 WL 136279, at *2-*3 (Ohio Ct. App. Jan. 22, 2007).  Any claims raised in that motion, which were not raised on direct appeal, would be barred in state court by res judicata.  Sanchez, 2007 WL 136279, at *3.

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

---

[1]  Reference to the online docket of the Cuyahoga County Court of Common Pleas reflects that no ruling has been issued as of the date of this Report.  See generally State v. Allen, Case No. CR-08-507753, online docket.

5

> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by this Court on a question of law or if the state court decides a case
> differently than this Court has on a set of materially indistinguishable
> facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002).  See also Lorraine v. Coyle, 291

F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court

precedent "if the state court applies a rule that contradicts the governing law set

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v.

Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court

considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable

application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

In addition, habeas review under Section 2254(d)(1) is "limited to the record

that was before the state court that adjudicated the claim on the merits." Cullen v.

Pinholster, 131 S.Ct. 1388, 1398 (2011); Sheppard v. Bagley, 657 F.3d 338, 349 (6th

Cir. 2011) (Batchelder, J., concurring).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

All three grounds of the petition allege ineffective assistance of counsel.

These three claims were all pursued on direct appeal.  See generally doc. 5, RX 7,

11.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is

the right to effective assistance of counsel."  Joshua v. DeWitt, 341 F.3d 430, 437

(6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).

The Sixth Circuit discussed the general standard for ineffective assistance of

counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the
> defendant must show that his counsel's performance fell below an
> objective standard of reasonableness and that his counsel's errors were
> so serious as to prejudice the defendant.  Review of counsel's
> performance is highly deferential and requires that courts "indulge a
> strong presumption that counsel's conduct falls within a wide range of
> reasonable professional assistance."  To establish prejudice, the
> defendant "must show that there is a reasonable probability that, but
> for counsel's unprofessional errors, the result of the proceeding would
> have been different.  A reasonable probability is a probability sufficient
> to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance

claim "within the more limited assessment of whether the state court's application

of Strickland to the facts of this case was objectively unreasonable."  Washington v.

Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

7

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard.  Harrington v. Richter, 131 S.Ct. 770, 785 (2011).   The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Richter, 131 S.Ct. at 788; Premo v. Moore, 131 S.Ct. 733, 740 (2011).

In Premo v. Moore, the Supreme Court emphasized that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage."  Moore, 131 S.Ct. at 741.  The Court explained:

> In the case of an early plea, neither the prosecution nor the defense may know with much certainty what course the case may take.  It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived.  The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered.

Moore, 131 S.Ct. at 742.  In such a situation, the Court found that there is "a most substantial burden on the claimant to show ineffective assistance."  Id. at 745.

As to the prejudice element, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Pinholster, 131 S.Ct. at 1403 (quoting Strickland, 466 U.S. at 694). "The likelihood of a different result must be substantial, not just conceivable." Richter, 131 S.Ct. at 792.

In a challenge to a guilty plea based on ineffective assistance of counsel, the "prejudice" requirement

> . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Moore, 131 S.Ct. at 745.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc) (quoting Richter). The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so. Id. at 786; see also Montgomery, 654 F.3d at 676.

In addition, habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 131 S.Ct. at 1398; Sheppard, 657 F.3d at 349 (Batchelder, J., concurring). Where a claim has been

adjudicated on the merits, the petitioner "must overcome the limitation of §
2254(d)(1) on the record that was before the state court."  Pinholster, 131 S.Ct. at
1400.

In Allen's case, the state court addressed the ineffective assistance claims
under the following standard:

> In order to substantiate a claim of ineffective assistance of counsel, the
> appellant is required to demonstrate that (1) the performance of
> defense counsel was seriously flawed and deficient, and (2) the result
> of the appellant's trial or legal proceeding would have been different
> had defense counsel provided proper representation.  Strickland v.
> Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674,
> State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.  "Judicial
> scrutiny of counsel's performance is to be highly deferential, and
> reviewing courts must refrain from second-guessing the strategic
> decisions of trial counsel."  State v. Carter (1995), 72 Ohio St.3d 545,
> 558, 651 N.E.2d 965.  Further, "trial counsel is entitled to a strong
> presumption that all decisions fell within the wide range of reasonable,
> professional assistance."  State v. Sallie (1998), 81 Ohio St.3d 673, 675,
> 693 N.E.2d 267, citing State v. Thompson (1987), 33 Ohio St.3d 1, 10,
> 514 N.E.2d 407.

(Doc. 5, RX 9; Allen, 2009 WL 1156697, at *2.)

The state appellate court addressed the claims by applying the two-part test
set forth in Strickland, therefore this court must determine whether the state
court's application of Strickland was objectively unreasonable.  Williams, 529 U.S.
at 412-413; Washington, 228 F.3d at 702.  See also Richter, 131 S.Ct. at 785-787.

### 1.  Failure to File Motion to Suppress

The first claim concerning ineffective assistance of counsel is that trial
counsel failed to file a motion to suppress challenging the validity of the search and
seizure from a warrantless automobile stop.

10

On direct appeal, Allen argued that his trial counsel failed to file a motion to suppress because "he was unaware of the search and of the State's intention to introduce the cigarette in the as[h]tray containing PCP into evidence."  (Doc. 5, RX 7, at 4.)  He claimed that counsel was unaware of the search and seizure "because he had conducted no pretrial discovery concerning the automobile stop."  Id.  Allen contended that counsel failed in his duty to investigate:  "Counsel neither investigated, nor made a reasonable decision not to investigate, the State's case through complete discovery."  Id. at 5.

The state court ruled on this claim as follows:

. . . Initially, the record clearly demonstrates that defense counsel did investigate and obtain discovery in the matter.  Defense counsel filed a request for evidence, a motion for discovery, and a motion for bill of particulars.  Therefore, counsel was not ineffective in this regard.

With respect to a motion to suppress, "a guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."  State v. Fitzpatrick, 102 Ohio St.3d 321, 333, 810 N.E.2d 927, 2004-Ohio-3167, quoting Menna v. New York (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2.  Also, the failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel.  State v. Madrigal, 87 Ohio St.3d 378, 721 N.E.2d 52, 2000-Ohio-448.  Such failure constitutes ineffective assistance of counsel only where the record demonstrates a reasonable probability that the motion would have been granted.  State v. Jackson, Cuyahoga App. No. 86542, 2006-Ohio-1938.

In this case, Allen pled guilty.  Also, as part of the plea agreement, the state agreed not to pursue the charges from the original traffic stop.  Finally, from what we can glean from the record before us, the incident for which Allen was charged did not stem from the original traffic stop, but rather from an incident that happened later, after Allen was transported to the hospital.  At the hospital, Allen was able to break

11

free from detention and assault a police officer and attempt to take the officer's gun.  Consequently, the original stop was not even relevant.

Upon our review, we find the record fails to demonstrate a reasonable probability that a motion to suppress would have been granted.  Because Allen has failed to demonstrate deficient performance or resulting prejudice, we overrule his first assignment of error.

(Doc. 5, RX 9; Allen, 2009 WL 1156697, at *2-*3.)

Although counsel for Allen provides a lengthy brief in support of the petition, as to this first claim he repeats the allegations in his brief on appeal, and does not address the appellate court's ruling on this claim.  See generally doc. 1, at 8-10.

In general, Allen argues that his ineffective assistance claims should be reviewed under United States v. Cronic, 466 U.S. 648 (1984), rather than Strickland.  (Doc. 1, at 10-11.)  He contends that Cronic is applicable here, on the theory that the "critical stage doctrine" is involved, because, for example, "his trial counsel stood mute as to Allen's mental health condition."  Id. at 13.  However, Allen did not pursue this theory on direct appeal.[2]  See, e.g., doc. 5, RX 7, at 4-6 (arguing under Strickland, not Cronic).

The Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court."  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see

---

[2]  Moreover, the court is unconvinced that the type of "egregious circumstances" exist which would justify the application of Cronic.  See generally Henness v. Bagley, 644 F.3d 308, 323-324 (6th Cir. 2011) (discussing circumstances under which Cronic would apply).

12

also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), aff'd, 657 F.3d 293 (6th Cir. 2011).  That the factual basis for the theories is related would not save the claim.  Lott v. Coyle, 261 F.3d 594, 607 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002).  Although Allen fairly presented an argument of ineffective assistance of counsel under Strickland, he did not present the state courts with an argument that counsel was ineffective under the "critical stage doctrine," and that argument cannot be raised for the first time in his habeas petition.

As to the first ground, Allen has failed to demonstrate that the state court's application of Strickland to the facts of this case was objectively unreasonable.  See Richter, 131 S.Ct. at 786-787.

## 2.  Investigation of Mitigation Evidence

The second ground of the petition is that trial counsel did not conduct a reasonable investigation of mitigation evidence.  (Doc. 1, at 7.)  On appeal, Allen argued that trial counsel "was ineffective in not having a psychological evaluation performed prior to negotiating a guilty plea." (Doc. 5, RX 7, at 6.)  Allen claimed that:

> . . . counsel's failure to investigate, obtain, or present any mitigating evidence to the trial court prior to the guilty plea and sentencing, let alone the powerful mitigating evidence of Allen's borderline mental retardation, psychiatric disorders, and history of (PCP) drug abuse, undermines the confidence in Allen's plea being knowingly, voluntarily and intelligently entered, and his six year sentence.

(Doc. 5, RX 7, at 7.)

13

Allen argued that investigation of mitigation must begin immediately, and that trial counsel did not conduct a complete and thorough investigation under the relevant ABA standards.  Id. at 10.  Allen also contended that counsel "offered little in mitigation" at sentencing.  Id. at 12.

The state court rejected Allen's arguments, and found no deficient performance or resulting prejudice:

> Our review of the record does not demonstrate any mental impairment that created an inability of Allen to understand the nature of the proceedings and the charges against him or an inability to knowingly, voluntarily, and intelligently enter his plea.  Although it was determined during the presentence investigation that Allen suffered from a psychosis, the record demonstrates that he was able to clearly communicate with the trial court and that he showed no signs of a mental impairment.  Accordingly, Allen has failed to show that the outcome of the proceedings would have been different.
>
> We also find that the record does not demonstrate defense counsel was ineffective for failing to further investigate or present mitigating factors.  Indeed, there is no indication that such factors would have yielded a different outcome.  As conceded by Allen, the trial court was presented with a history of his drug convictions, and the court was aware that Allen was on PCP at the time of the offense.  The court pointed out that Allen was only 25 years old, that he had 27 offenses as a juvenile, numerous misdemeanors and felonies as an adult in state court, as well as convictions in federal court, and that he was on federal probation.  The trial court considered Allen's remorse and the fact that he took responsibility for his actions. Defense counsel requested the minimum sentence, and the trial court specifically acknowledged that defense counsel "has been pitching hard on [Allen's] behalf."  The court considered the dangerousness of Allen's actions, his history of violence and crimes, and found that he was "dangerous to society ."  The court indicated that it had "seriously considered giving [Allen] more time, much more time."

(Doc. 5, RX 9; Allen, 2009 WL 1156697, at *3.)

In his habeas petition, Allen's apparent focus is on counsel's alleged failure to conduct a thorough investigation of mitigation evidence.  (Doc. 1, at 10.)  Parsing the specifics of his claims is a challenge, because large portions of his brief simply consist of recitations of legal principles, without indication of how, or whether, they should be applied to the facts in this case.[3]

At one point, Allen appears to argue that counsel was ineffective because he was unaware "that Allen could be removed to the mental health court's docket." (Doc. 1, at 16.)  [Earlier, Allen stated that a court psychiatrist had diagnosed him with psychosis.  Id. at 6.  Counsel requested a transfer to the mental health docket, but the court found the request untimely.  Id.]

On a subsequent page, he says that counsel was ineffective "because he gave the petitioner incorrect information regarding the terms of the plea agreement." (Doc. 1, at 17.)  In the next paragraph, he states that "an attorney who does not

---

[3]  For example, most of the Supreme Court cases concerning mitigating evidence have involved capital proceedings before a jury.  See, e.g., Sears v. Upton, 130 S.Ct. 2359 (2010) (per curiam); Porter v. McCollum, 130 S.Ct. 447 (2009) (per curiam).  The Supreme Court has found that there is a broader category of mitigating evidence that a "capital jury must be allowed to consider . . . than normally [would be] relevant in noncapital proceedings."  Ayers v. Belmontes, 549 U.S. 7, 28 (2006).  See also Schriro v. Summerlin, 542 U.S. 348, 362 (2004) (greater requirements in capital case); Streetman v. Lynaugh, 484 U.S. 992, 994 (1988) (mitigating evidence ordinarily excludable in noncapital sentencing may be crucial in capital case).  Allen was not accused of any capital crimes, entered a plea of guilty, and was sentenced by a judge, thus it is not clear to what extent he would benefit from the broader reach of the Supreme Court's capital caselaw.  In any event, his arguments do not touch on the issue.

15

introduce mental health records because he never investigated that evidence fails to satisfy prevailing professional norms." Id.

Later, he states that the "prejudice to Mr. Allen in this case is that he was threatened with an act forbidden by law." (Doc. 1, at 19.)  The next paragraph informs the court that:  "The Supreme Court declared that a guilty plea induced by misrepresentation could not stand." Id.

Although represented by counsel, Allen does not present a coherent argument which would demonstrate that the state court's decision is an objectively unreasonable application of federal law.  In view of the "highly deferential" standard of review which this court must apply, Moore, 131 S.Ct. at 740, the petition should not be granted on the basis of the second ground.

### 3.  Insanity

The third ground of the petition is that counsel was ineffective because he "failed to realize that his client was not guilty by reason of insanity." (Doc. 1, at 8.) On appeal, Allen argued, although the defense of insanity cannot be established on the basis that the condition resulted from the use of drugs, his mental condition "goes beyond the use of intoxicants or drugs." (Doc. 5, RX 7, at 15.)  He claimed to have no recollection of the events that led to his arrest, because he was on PCP. Id. at 15-16.  In addition, Allen doubted that he could have reached for the officer's gun, on the theory that he would have been successful had he attempted to do so. Id. at 16.

16

Allen contended that he "suffered mental disorders" at the time of his arrest. He pointed out that he was diagnosed with psychosis, and that Ohio law "mandates a hearing on the issue of defendant's competency to stand trial" where appropriate. Allen argued that his competency was never raised, that "it is evident that the psychiatric evaluation was performed to evaluate [his] sanity at the time the crimes were committed, and not his competency to be transferred to the Mental Health Court." (Doc. 5, RX 7, at 17.)  He argued that counsel should have moved to set aside the plea, "but elected not to do so, instead requesting that the court give his client the minimum sentence." Id. at 18.  He then asserted that counsel's failure to enter a plea of not guilty by reason of insanity fell below an objective standard of reasonable representation. Id. at 19.

The state court of appeals again rejected Allen's arguments, and found no deficient performance or resulting prejudice:

> Allen argues that defense counsel was ineffective for failing to pursue a defense of not guilty by reason of insanity.  He argues that he had no recollection of the offense, and he asserted his belief that if he had reached for the officer's gun, he would have gotten it.  However, the record in this case demonstrates that Allen was on PCP at the time he committed the offenses, and thus, his judgment would have been impaired.
>
> "[W]here facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea.  Where, however, the facts indicate that counsel was pursuing a reasonable strategy in failing to so plead, or where the likelihood of success for the plea is low, counsel's actions cannot be called unreasonable." State v. Mangus, Columbiana App. No. 07 CO 36, 2008-Ohio6210 (internal citations omitted); State v. Garcia, Lucas App. No. L-07-1104, 2008-Ohio-2095.

17

R.C. 2901.01(A)(14) provides that, "[a] person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code [by a preponderance of the evidence], that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."

Allen has not alleged that he was unable to understand the wrongfulness of his conduct at the time of the alleged offenses.  His argument is merely speculative, and he has failed to show any reasonable probability that an insanity defense would have succeeded. Also, it is apparent from the record that the indictment was amended and that no additional charges were brought as a result of a plea agreement.  This appears to be a tactical decision on the part of counsel, which this court will not second-guess.

(Doc. 5, RX 9; Allen, 2009 WL 1156697, at *4.)

In his habeas petition, Allen contends that where counsel has failed to investigate facts, and to enter an accurate plea based on those facts, that conduct has been found contrary to prevailing professional norms.  In support of this argument, he cites Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 276 (1942), and Kimmelman v. Morrison, 477 U.S. 365 (1986).  (Doc. 1, at 9.)

The state court did not mention either of these cases, therefore the court must determine whether the state court's ruling was contrary to clearly established Supreme Court precedent.

In Adams, the Second Circuit Court of Appeals had "held that no person accused of a felony – who is himself not a lawyer – can waive trial by a jury, no matter how capable he is of making an intelligent, informed choice and how strenuously he insists upon such a choice, unless he does so upon the advice of an

18

attorney." Adams v. United States ex rel. McCann, 317 U.S. 269, 272 (1942).  The Supreme Court reversed, and stated that "an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury, and so likewise may he competently and intelligently waive his Constitutional right to assistance of counsel." Adams, 317 U.S. at 275.  The Court further noted:

> It hardly occurred to the framers of the original Constitution and of the Bill of Rights that an accused, acting in obedience to the dictates of self-interest or the promptings of conscience, should be prevented from surrendering his liberty by admitting his guilt.  The Constitution does not compel an accused who admits his guilt to stand trial against his own wishes.

Adams, 317 U.S. at 276.  Here, Allen was not denied his right to represent himself, nor he was denied the right to plead guilty.  It does not appear that he argues that either right was at issue in his case.  In any event, the state court ruling was not contrary to Adams.

In Kimmelman v. Morrison, the question before the court was:

> . . . whether the restrictions on federal habeas review of Fourth Amendment claims announced in Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), should be extended to Sixth Amendment claims of ineffective assistance of counsel where the principal allegation and manifestation of inadequate representation is counsel's failure to file a timely motion to suppress evidence allegedly obtained in violation of the Fourth Amendment.

Kimmelman v. Morrison, 477 U.S. 365, 368 (1986).  As pointed out by the Supreme Court in Premo v. Moore, "Kimmelman concerned a conviction following a bench trial, so it did not establish . . . the appropriate standard for prejudice in cases involving plea bargains." Moore, 131 S.Ct. at 745.

19

Instead, the Supreme Court has instructed that "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59; see also Moore, 131 S.Ct. at 745.  Here, the state court found that Allen "failed to show any reasonable probability that an insanity defense would have succeeded." (Doc. 5, RX 9; Allen, 2009 WL 1156697, at *4.)  Allen has not shown that this ruling was contrary to, or an unreasonable application of, Supreme Court precedent.

Allen also claims that his diagnosis of psychosis should have entitled him to placement on the mental health court docket, but this opportunity was lost because counsel improperly requested this placement at the sentencing hearing, rather than prior to the plea.  (Doc. 1, at 13, 16.)  Allen does not demonstrate how this failure relates to the alleged failure to plead insanity, nor does he specify what prejudice would result from the failure to be placed on "the mental health court docket."

As to the third ground, Allen has failed to establish that the state court's decision was contrary to, involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.

The petition for a writ of habeas corpus should be denied.

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   <u>March 6, 2012</u>           <u>/s/ Kenneth S. McHargh</u>
                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).