UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEITH ALLEN,** | ) | **CASE NO. 1: 10 CV 2382** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **TERRY A. TIBBALS, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 6) recommending denial of Petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the R&R. (Doc. 7.) For the reasons stated below, the Report and Recommendation is ACCEPTED and the petition for a writ of *habeas corpus* is dismissed.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b), the district court reviews *de novo* "any part of [a] magistrate's judge disposition that has been properly objected to." "The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the

1

matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(3).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

**Background**

The background facts, as set forth by the Ohio Court of Appeals in *State v. Allen*, No. 91750, 2009 WL 1156697 (Ohio Ct. App. Apr. 30, 2009), are as follows. Petitioner was indicted on March 5, 2008, on charges of aggravated robbery with firearm specifications, and escape. Defense counsel filed a request for evidence, a motion for discovery, and a motion for a bill of particulars. Petitioner subsequently pled guilty to the charges, as amended, of aggravated robbery with a one-year firearm specification and attempted escape. At his plea hearing, petitioner engaged in a dialogue with the court. He disclosed that he was on probation in federal court and expressed an understanding of the proceedings and charges against him, the nature of his plea, and his rights. The trial court found that petitioner's guilty plea was knowingly and voluntarily made and referred the matter to the probation department for a presentence investigation report.

Petitioner returned for sentencing on May 20, 2008. It was revealed that a court psychiatrist had diagnosed petitioner with psychosis (not otherwise specified). The court indicated that the matter was eligible for placement on the mental health docket. Defense counsel requested such a transfer. Because the request to be placed on the mental health docket was not made prior to the time of petitioner's plea, the case was not permitted to be assigned to the mental health docket. The trial court proceeded with a sentencing hearing on

2

June 6, 2008.

At the sentencing hearing, defense counsel represented that petitioner was on PCP at the time of the offense, was unaware of his interaction with the police, and was remorseful. Defense counsel requested a minimum sentence.

The trial court found that petitioner had an extensive criminal record, a history of violence, a history of noncompliance on supervision, and repeated criminal behavior and was on federal probation at the time of the offenses. The court found that the offenses were very serious, that trickery was involved, and that petitioner was on PCP, a dangerous drug. The court recognized petitioner's remorse as a mitigating factor and also indicated that defense counsel "has been pitching hard on [petitioner's] behalf." The court sentenced petitioner to a total aggregate prison term of six years.

Thereafter, petitioner filed a motion to withdraw his guilty plea. No ruling was made on the motion because petitioner also filed a notice of appeal.

Petitioner filed a timely appeal, which raised three assignments of error:

1. He was denied effective assistance of counsel where his attorney failed to investigate the initial warrantless automobile stop and file a motion to suppress challenging the validity of the search and seizure.

2. He was denied effective assistance of counsel where the guarantees of the Sixth and Eighth Amendments require reasonable investigation of mitigation evidence not performed.

3. He was denied effective assistance of counsel where counsel failed to recognize that his client was not guilty by reason of insanity.

The court of appeals rejected petitioner's claims and affirmed the judgment of the trial court.

Petitioner filed a timely appeal to the Ohio Supreme Court, which declined

jurisdiction and dismissed petitioner case because it did not involve a substantial constitutional question.    Petitioner filed the pending petition for a writ of *habeas corpus*, asserting the same three grounds of ineffective assistance of counsel as petitioner asserted in state court. (Doc. 1.)

**Discussion**

Magistrate Judge McHargh considered petitioner's ineffective assistance of counsel claims and found that none of them were sufficient to support the issuance of a writ of *habeas corpus*. The Magistrate Judge found that the state appellate court's decision rejecting petitioner's ineffective assistance of counsel claims was not an objectively unreasonable application of federal law.

Petitioner objects to the Magistrate Judge's report and recommendation with respect to petitioner's third asserted ground for *habeas* relief. Petitioner contends that his counsel was ineffective "for failing to investigate the possibility of an insanity defense prior to advising the defendant to plead guilty." (Obj. at 2.)

As the Magistrate Judge correctly noted in the R&R, a writ of *habeas corpus* may not be granted under 28 U.S.C. § 2254 unless the state court proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court. (R&R at 6.) In *Strickland v. Washington*, 466 U.S. 668, 689 (1984), the Supreme Court established a two-part standard for determining whether counsel's assistance is ineffective. The defendant must show that counsel's performance fell below an objective standard of reasonableness and that his errors were so serious as to prejudice the defendant. Under this test, review of counsel's performance is

"highly deferential" and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Moreover, to establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

The state court of appeals rejected petitioner's arguments that his counsel's performance was deficient in failing to pursue a defense of not guilty by reason of insanity, finding on the facts that the decision not to plead not guilty by reason of insanity was a tactical choice on the part of petitioner's counsel and further, that the petitioner failed to show any reasonable probability that an insanity defense would have succeeded.  The court of appeals stated:

> Allen argues that defense counsel was ineffective for failing to pursue a defense of not guilty by reason of insanity.  He argues that he had no recollection of the offense, and he asserted his belief that if he had reached for the officer's gun, he would have gotten it.  However, the record in this case demonstrates that Allen was on PCP at the time he committed the offenses, and thus, his judgment would have been impaired.
>
> "[W]here facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea.  Where, however, the facts indicate that counsel was pursuing a reasonable strategy in failing to so plead, or where the likelihood of success for the plea is low, counsel's actions cannot be called unreasonable."
>
> R.C. 2901.01(A)(14) provides that, "[a] person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code [by a preponderance of the evidence], that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."
>
> Allen has not alleged that he was unable to understand the wrongfulness of his

5

>conduct at the time of the alleged offenses. His argument is merely speculative, and he has failed to show any reasonable probability that an insanity defense would have succeeded. Also, it is apparent from the record that the indictment was amended and that no additional charges were brought as a result of a plea agreement. This appears to be a tactical decision on the part of counsel, which this could will not second-guess. Accordingly, we overrule Allen's third assignment or error.

*State v. Allen*, 2009 WL 1156697, at * 4 (internal case citations omitted).

Magistrate Judge McHargh found that the determination of the state court of appeals rejecting petitioner's ineffective assistance of counsel claim was not contrary to or involved an unreasonable application of clearly established federal law.

The Court agrees with this determination. Although petitioner contends that his counsel's performance was deficient because he did not adequately handle his mental health problems, petitioner has not demonstrated in his objections that the determination of the state court of appeals was contrary to or involved an unreasonable application of federal law.

Accordingly, petitioner's objection to the R&R is overruled.

Petitioner also states in his objection that his counsel gave him "incorrect advice that he could retain his illegal search and seizure trial claim for appeal." To the extent this is intended as a separate objection to the R&R, the objection is also overruled. Petitioner does not demonstrate that his counsel's conduct in this regard violates *Strickland*. Nor is it apparent that petitioner raised this argument previously or with the Magistrate Judge.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge McHargh recommending denial of petitioner's pending Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is accepted. Magistrate Judge McHargh correctly determined

that petitioner is not entitled to a writ of *habeas corpus*.

   IT IS SO ORDERED.


                /s/ Patricia A. Gaughan
               PATRICIA A. GAUGHAN
               United States District Judge

Dated: 7/20/12